UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ERIC J. HOLDEN, SR. | CIVIL ACTION NO. 25-406-P |
| VERSUS | JUDGE DOUGHTY |
| CADDO PARISH CLERK OF COURT | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of mandamus filed by pro se petitioner Eric J. Holden, Sr. ("Petitioner"), pursuant to 28 U.S.C. § 1361. This petition was received and filed in this court on March 27, 2025. Petitioner is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He names the Caddo Parish Clerk of Court as respondent.

Petitioner states that he was convicted of second degree rape and on September 10, 2019, he was sentenced to 40 years imprisonment. He claims that since he was sentenced, he has tried to obtain all certified copies of sealed filings in his case (Docket No. 357147) from the Caddo Parish District Attorney.

Petitioner claims that on March 12, 2020, Assistant District Attorney Susanne M. Williams informed him that copies of his file cannot be released unless the court order is lifted.

Petitioner seeks certified copies of the sealed filings in his case so that he can continue to litigate his sentence in the high courts. He seeks to have this court issue an order through a writ of mandamus to the Louisiana First Judicial District Court, Parish of Caddo, to produce all certified copies of the sealed filings in Docket No. 357147.

## LAW

Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, it is well settled that federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970). Because Respondent is not a federal officer, employee or agency, this court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty. See 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 5th day of June 2025.

Mark L. Hornsby
U.S. Magistrate Judge